UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS HENRY, on behalf of
DH, a minor,

    Plaintiff,

v.                                          Case No. 1:16-cv-1452
                                               Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for social security income (SSI).

Plaintiff was born in 2003. PageID.50. An application for SSI was filed on his behalf on September 5, 2006. PageID.50. After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on August 20, 2009. PageID.47-54. The Appeals Council denied review on May 13, 2010. PageID.36-38. On December 1, 2016, after an unexplained six year gap in the record, the Appeals Council set aside its 2010 decision denying review to consider additional

---

[1] Although Phyllis Henry is the nominal plaintiff, the term "plaintiff" refers to the minor child, D.H., the real party in interest. The Court notes that the Administrative Law Judge's decision refers to the minor, D.H., as "the claimant." While the minor plaintiff is appealing this decision *pro se* by his next friend (his mother), he was represented by counsel at the administrative hearing in 2009. PageID.56-77.

1

information.  PageID.23.  The relevant portion of the new information was a letter from Attorney Carl Mishner (dated August 10, 2010), setting forth three exceptions to the ALJ's decision: "(1) Improper adjudication; (2) Failure to properly recognize pain from both a mental and physical standpoint; (3) Failure to recognize applicable law."  PageID.196.  The Appeals Council denied plaintiff's request for review on December 1, 2016.  PageID.23-35.  Accordingly, the ALJ's August 20, 2009 decision, has become the final decision of the Commissioner and is now before the court for review.

### I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). There is a three step process in determining whether a child is disabled" under the Act:

> First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). *See also*, *Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 832 (6th Cir. 2009) (listing framework for a three-step inquiry).

Whether a child's impairment functionally equals a listed impairment is determined by a review of six "domains" which measure the child's ability to function: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and, (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To establish "functional equivalence" of a listed impairment,

3

the claimant has to show either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).  Under the regulations, a "marked limitation" in a domain "interferes seriously with your ability to independently initiate, sustain, or complete activities," while  an "extreme limitation" in a domain 'interferes very seriously with your ability to independently initiate, sustain, or complete activities." *See* § 416.926a(e)(2)(i) and (3)(i).

## II. ALJ'S DECISION

Following the three steps, the ALJ first found that plaintiff was born in 2003, was a pre-schooler when the application was filed in 2006, and at the time of the decision was a pre-schooler under the regulations, 20 C.F.R. § 416.926a(g)(2).  PageID.50.  Consistent with his age, plaintiff had not engaged in substantial gainful activity since the application date.  *Id*.

Second, plaintiff had severe impairments of: speech/language delay; asthma; and attention deficit hyperactivity disorder (ADHD).  *Id*.

Third, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets, medically equals or functionally equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.  The ALJ also found that plaintiff did not have an impairment or combination of impairments that functionally equals the severity of the listings.  In reaching this determination, the ALJ addressed the six domains as follows:

> Based on the evidence, the undersigned finds that the claimant has less-than-marked limitations in the functional domains of [i] acquiring and using information, [ii] attending and completing tasks, [iii] interacting and relating with others and [vi] health and physical well-being.  According to the record, because of the claimant's ADHD, the claimant exhibits hyperactivity and difficulty focusing.  Nonetheless, the record consistently documents that the claimant's ADHD symptoms significantly improve with medication.  Although the claimant's teacher, Ms. Gohl, stated that the claimant had some attention problems, the record shows that the teacher was unaware that the claimant

4

>   required medication for the condition.  Moreover, in December 2008, the claimant's mother reported that the claimant was "doing well in school" (Exhibit 10F).  In addition, the record documents that the claimant is not always given his medication as prescribed, from which one could infer that his behavior is tolerable even without medication.  Furthermore, the evidence shows that, even though the claimant has been assessed with a very mild speech and language delay, his speech has improved and is almost completely intelligible.  Additionally, despite his asthma diagnosis, the claimant's condition is controlled with medication well enough that the claimant can participate in activities like playing basketball and, according to his doctor, only needs to avoid running in cold air.
>
>   Finally, there is nothing in the record indicating that the claimant has difficulty with any type of [iv] moving about and manipulating objects and [v] caring for himself.  The claimant's mother's testimony reveals that the claimant jumps, runs and plays basketball without any limitation due to his asthma.  Consequently, the undersigned finds that the claimant has no limitation in those domains.

PageID.53.  Based on this record, the ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act since filing the application for SSI on September 5, 2006 through the date of the decision (August 20, 2009).  PageID.54.

### III.  ANALYSIS

Plaintiff's brief states that he has ADHD, allergies, sinus problems, sleep apnea, asthma, and behavioral problems.  Plaintiff's Brief (ECF No. 12).  However, there is a temporal disconnect between plaintiff's brief and the ALJ's decision denying benefits.  The only issue before this Court is the ALJ's August 2009 decision, which was entered when plaintiff was five years old.  Plaintiff's brief does not address any particular defect in the ALJ's 2009 decision.  Rather, plaintiff's appeal, filed on December 22, 2016, addressed plaintiff's school history and his current condition as a 13-year-old special education student.  PageID.485.  Plaintiff has attempted to bridge the gap between ages 5 and 13 by submitting 20 pages of records with his initial brief (ECF No. 12-1) and 130 pages of records with his reply brief (ECF No. 15-1).

The ALJ's 2009 decision recounted the medical record in detail, addressing plaintiff's ADHD diagnosis in 2007, speech therapy, and asthma. PageID. 51-54. These records provide substantial evidence to support the ALJ's decision denying benefits, including the ALJ's determination that plaintiff did not establish the functional equivalence of a listed impairment. Based on this record, the ALJ's August 20, 2009 decision is supported by substantial evidence.

The thrust of plaintiff's claim is that his condition has deteriorated since he was a preschooler back in 2009. As discussed, plaintiff has submitted over 150 pages of records, the vast majority of which were not viewed by the ALJ because they were generated months or years after the ALJ's decision. When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*. "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Here, the Court considers *pro se* plaintiff's submission of these additional records as an implicit request for a sentence-six remand. *See, e.g., McNier v. Commissioner of Social Security*, 166 F. Supp. 3d 904, 910 (S.D. Ohio 2016). In order for a claimant to satisfy the burden of proof as to materiality for a sentence-six remand, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

While plaintiff submitted a number of records with his brief and reply brief, he does not explain how these records would change the ALJ's 2009 decision. Plaintiff's submissions can be divided into three groups. The first group[1] reflects plaintiff's condition months or years after the ALJ entered the decision denying benefits on August 20, 2009. These records are not relevant to a sentence-six remand because they do not reflect plaintiff's condition as it existed when the ALJ issued the decision. *See Mingus v. Commissioner*, No. 98-6270, 1999 WL 644341 at *5 (6th Cir. Aug. 19, 1999) (deterioration of plaintiff's eyesight in August 1996 is not relevant to plaintiff's condition as it existed on her last insured date of December 31, 1993); *VanVolkenburg v. Secretary of Health and Human Services*, No. 8-1228, 1988 WL 129913 at *3 (6th Cir. Dec. 7, 1988) (deterioration of plaintiff's condition in 1987 not material to her condition in 1985); *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986) (new medical evidence compiled in March 1985 that may show a deterioration in the claimant's condition "does not reveal

---

[1] *See* PageID.439-450, 485-572, 574, 583-584, 588-589, 595, 601-613.

further information about the claimant's ability to perform light or sedentary work in December 1983").

The second group[2] was part of the administrative record reviewed by the ALJ and not subject to to a sentence-six remand as new evidence.

The third group consists of records generated prior to August 20, 2009, but not included in the administrative record: one-page hospital summary regarding plaintiff's birth (9/5/03) (PageID.573); Great Lakes Eye Care records (2006-2007) (PageID.578-581); and records from Mark'Obrien, M.D. (2007) (PageID.583-584).  This is the group which could be the basis of a sentence-six remand.  The hospital summary notes that plaintiff was born prematurely and discharged after four days in the neonatal intesive care unit (PageID.573), while the Great Lakes Eye Care records indicate that plaintiff was a glaucoma suspect, but ultimately diagnosed on May 1, 2007, with "a very mild allergic conjunctivitis" and "very mild astigmatism" (PageID.578). Finally, Dr. O'Brien's records indicate and office visit for asthma and exzema, and viral infection (i.e., vomiting, runny nose, coughing, congested).  These benign findings do not meet the materiality requirement.  *See Sizemore*, 865 F.2d at 711.  Accordingly, plaintiff has failed to meet his burden for a sentence-six remand.

### IV.    Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.


Dated:  November 27, 2017             /s/ RAY KENT
                                      United States Magistrate Judge

---

[2] *See* PageID.451-457, 575-577, 582, 585-587, 590-594, 596-600.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).